UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael D. Veilleux,
    Petitioner

v.                                          Civil No. 02-353-M
                                            Opinion No. 2003 DNH 079
Warden, New Hampshire State Prison,
    Respondent

## O R D E R

Petitioner, Michael D. Veilleux, was convicted by a jury of three criminal offenses under state law: being a felon in possession of a dangerous weapon (a bow); simple assault; and resisting arrest.  He was sentenced to three and one-half to seven years in prison on the felon-in-possession charge, twelve consecutive months of imprisonment on the simple assault conviction, and twelve months suspended on the resisting arrest conviction.

After initially reviewing petitioner's application for federal habeas relief, the court directed respondent to address several legal issues.  She complied by filing both an answer to the petition as well as a motion for summary judgment.

Petitioner has responded to the motion for summary judgment, in a fashion, and the matter is now ripe for resolution.

In general, petitioner asserts that he was denied his federal constitutional rights to a speedy trial and to due process of law. Since the state court did not address petitioner's speedy trial complaint, de novo review is appropriate. See Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001), cert. denied, 535 U.S. 1018 (2002). A five month delay occurred between the time petitioner was charged and commencement of his jury trial. That modest delay does not give rise to a federal speedy trial issue and petitioner's claim to the contrary is without merit. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (short period of delay - less than one year - does not implicate constitutional right to speedy trial). See also Barker v. Wingo, 407 U.S. 514 (1972); RaShad v. Walsh, 300 F.3d 27 (1st Cir. 2002), cert. denied, 123 S.Ct. 1360 (2003).

Petitioner also asserts that he was denied a fair trial and due process because the indictment returned against him made reference to a prior conviction for second degree assault when,

2

in fact, that charge had been reduced to (and he was convicted

of) simple assault.  He complains that the grand jury was given

false information regarding his prior offense and says that,

during the course of his criminal trial, the clerk of court read

the indictment to the petit jury, including the inaccurate

reference to a prior second degree assault conviction - even

though the court had, on the government's motion, ordered the

indictment redacted to correct the error (petitioner also

challenges the trial judge's authority to order the indictment

redacted to delete the erroneous reference).

The New Hampshire Supreme Court considered that issue as

part of petitioner's state appeal, ruling that:

> The record shows that immediately after the clerk read
> the charges to the jury, the court told the jury that
> it was asking the clerk to reread the felon in
> possession indictment "because it was misread."  The
> court instructed the jury to "listen carefully to the
> correct reading of it."  The clerk then read the
> indictment again without referring to a conviction for
> second degree assault.  The defendant then moved for a
> mistrial, which the court denied, noting that it gave
> the jury a limiting instruction and would give the jury
> copies of the corrected indictment.  We hold that,
> under the circumstances of this case, these remedial
> measures effectively cured any potential prejudice from
> the initial misreading of the indictment.  See State v.
> Ellison, 135 N.H. 1, 4 (1991).  The trial court

3

> therefore did not abuse its discretion in failing to
> declare a mistrial.

State v. Veilleux, No. 99-622, slip op. at 1 (N.H. March 20, 2001).

Nothing in the petition suggests that the New Hampshire Supreme Court's resolution of that issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 399 (2000). Indeed, the state court decision is consistent with federal law. And, the trial judge acted consistently with federal law by redacting the indictment to eliminate the inaccurate reference to a prior second degree assault conviction, since that amendment did not add any new element or charges and the remaining allegations charged the same offense as the unamended indictment. See United States v. Angiulo, 847 F.2d 956, 964-65 (1st Cir. 1988). Finally, any prejudice that might have been occasioned by the grand jury's receipt of erroneous information regarding the precise nature of petitioner's prior conviction was harmless,

4

given the jury's finding of guilt beyond a reasonable doubt. <u>See</u>
<u>United States v. Flores-Rivera</u>, 56 F.3d 319, 328 (1st Cir. 1995).

Petitioner's ineffective assistance of counsel claim fares
no better. Petitioner does not identify any errors by counsel
that would establish either that counsel's performance was
deficient, or that counsel's deficient performance resulted in
actual prejudice to him. The issues petitioner claims counsel
should have raised are not meritorious and, even had those issues
been raised, the outcome of the trial and appeal would have been
the same. That is, there is no reasonable probability that
counsel's representation, had it been different, would have
resulted in a more favorable outcome for petitioner. <u>See</u>
<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

**Conclusion**

For the reasons given in respondent's supporting legal
memorandum, and for the reasons discussed above, the petition for
habeas corpus relief under 28 U.S.C. § 2254 is without merit.
Respondent's motion for summary judgment (document no. 20) is
granted. Petitioner's motions to strike (documents no. 15 and

5

21), as well as his "Motion of Traverse: Respondent's Answers" (document no. 19), are denied.  The Clerk of Court shall enter judgment in favor of respondent and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

May 21, 2003

cc:  Michael D. Veilleux
     Nicholas Cort, Assistant Attorney General